**F I L E D**

**UNITED STATES COURT OF APPEALS**

**OCT 24 2000**

**TENTH CIRCUIT**

SCOTT MCLIN MILLER,

     Plaintiff-Appellant,

v.

LAYTON CITY, a municipal corporation;
JERRY STEVENSON, RICHARD
BLAKE HAYCOCK, TROY SEAN
BRIGGS, KENLEY R. MADSEN, and
DOYLE TALBOT, individually,

     Defendants-Appellees.

No. 99-4215

(D.C. No.1:97-CV-0123-C)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, HOLLOWAY,** and **POLITZ,**[**] Circuit Judges.

---

     Scott Miller appeals an adverse grant of summary judgment in his action invoking

42 U.S.C. §§ 1981 *et seq.* and 1983.  For the reasons assigned, we reverse the grant of

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] The Honorable Henry A. Politz, United States Court of Appeals for the
Fifth Circuit, sitting by designation.

summary judgment for defendants and remand for further proceedings consistent herewith.

## BACKGROUND

Miller, and his son-in-law, Terry Turner, went to a car dealership where the son-in-law had an appointment. Upon arrival, an altercation ensued between the son-in-law and another person. After the altercation in the parking lot, Miller and Turner entered the dealership. The police were called at Turner's request.

Five officers arrived on the scene, with Officer Haycock being the fourth to do so. The police dispatch had stated that the altercation involved "unknown weapons." A witness allegedly indicated to Haycock that Miller had been involved in the altercation. Officer Haycock found Miller walking down a hallway and ordered him to halt and to place his hands behind his head with his fingers intertwined. Miller immediately complied.

Miller was sixty-years old at the time and had severe arthritis in his hands. When the officer grabbed his hands in an effort to frisk for weapons, Miller yelled for Haycock to "let go." Miller testified that he was in severe pain. Officer Haycock claims that he was not aware of the reason why Miller was insisting that he let go of his hands. Instead, he asserts that Miller was very agitated and this caused him to believe that Miller was resisting the frisk. Haycock ordered Miller to spread his legs, which he maintains Miller refused to do. After repeating the order, he said he felt Miller's hands break free.

Haycock stated that he then believed Miller was going for a weapon and that, in response, he "pulled back on Miller's hands," causing Miller to fall to the ground. Miller stated that Haycock "kicked his legs out from under him," causing him to fall forcefully to the ground.

Once on the ground, Haycock searched Miller and found no weapons. Miller was in obvious pain and was bleeding from his ear. An ambulance was called. Upon arrival at the hospital, Miller was diagnosed with a broken clavicle and a dislocated shoulder. Miller was subsequently charged with interference with an arresting officer and disorderly conduct. He was acquitted of these charges at trial.

Miller then filed the instant action against Haycock, the other officers at the scene, Layton City, and its Mayor and Police Chief. He claims that Haycock used excessive force, that the other officers failed to intervene, and that this failure was the result of a pattern or practice of the City, Mayor, and Police Chief, who additionally failed to properly train the officers. The defendants moved for summary judgment, which the district court granted, finding that Haycock's actions were "objectively reasonable." This timely appeal followed.

## ANALYSIS

We review the district court's grant of summary judgment de novo, applying the

same legal standard used by the district court.[1]  Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[2]  In making this determination, we must view the evidence in the light most favorable to the nonmoving party.[3]

It is not subject to question that Miller has a clearly established fourth amendment right not to be subjected to the use of excessive force by law enforcement personnel.[4]  Because police officers may lawfully use an appropriate degree of force, when necessary, to fulfill their duties, this right is violated only if the force used is "objectively unreasonable."[5]  The Supreme Court has held that when examining the reasonableness of force used in a detention, "the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[6]  Whether the force used in a particular case is objectively reasonable depends on the facts and circumstances of the case, including such factors as "the severity of the crime at issue, whether the suspect poses an immediate threat to the

---

[1]  Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999).

[2]  Fed. R. Civ. P. 56(c).

[3]  Simms, 165 F.3d at 1326.

[4]  See Mick v. Brewer, 76 F.3d 1127 (10th Cir. 1996).

[5]  Graham v. Connor, 490 U.S. 386 (1989).

[6]  Id. at 396.

safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[7]

Neither Miller nor the defendants argue that the doctrine of qualified immunity is relevant to this appeal.[8] Rather, both parties frame the issue thusly: whether a genuine issue of material fact exists regarding the objective reasonableness of Haycock's use of force.

The parties do not dispute that a complaint of disturbance of the peace can be severe enough to justify a preliminary frisk for weapons. The record, when viewed in the light most favorable to the plaintiff, reflects, however, that when Officer Haycock entered the car dealership and addressed Miller, the fighting had clearly ceased. Several other officers were already on the scene and inside the dealership. Miller was obviously an elderly gentleman with hands disfigured by some medical difficulty. Miller attempted to comply with each order by Haycock until the point where he was in unacceptable pain. There is conflicting summary judgment testimony as to Miller's response to the pain in his hands and as to his agitation. There is conflicting evidence as to what actions were

---

[7] Id.

[8] *Cf.* Quezada v. County of Bernalillo, 944 F.2d 710, 718 (10th Cir. 1991) ("While qualified immunity is a powerful defense in other contexts, in excessive force cases the substantive inquiry that decides whether the force exerted by police was so excessive that it violated the Fourth Amendment is the same inquiry that decides whether the qualified immunity defense is available to the government actor.").

taken by Officer Haycock in order for Miller to fall to the ground. There obviously exists a genuine issue of material fact as to whether Officer Haycock acted unreasonably in determining that Miller was an immediate threat to the safety of himself or others in the area, justifying his being thrown to the ground with such force as to cause the undisputed serious injuries.

It is obvious that there is also a genuine issue of material fact as to whether Haycock reasonably viewed Miller's reactions as resisting a frisk. There is conflicting testimony as to what Miller's actual reactions were when Haycock grabbed his arthritic hands. Further, even if Haycock did reasonably believe that Miller was resisting, there remains a genuine question of material fact whether Haycock acted reasonably in subduing Miller by knocking him to the ground. The testimony is conflicting as to the exact method used by Haycock in getting Miller supine. This dispute must necessarily be resolved in order to determine whether Haycock's actions were unreasonable. The resolution of these facts must be by the trier of facts. Summary judgment in this case, therefore, was improper.

For these reasons, the judgment appealed is REVERSED and the case is REMANDED for further proceedings consistent herewith.

Entered for the Court

Henry A. Politz
Circuit Judge

-6-